**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ROSA MARIE FULLMORE, ) | No. EDCV 09-1276 CW |
| ) | |
| Plaintiff, ) | DECISION AND ORDER |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I. BACKGROUND**

Plaintiff Rosa Marie Fullmore was born on July 25, 1962, and was

1

forty-six years old at the time of her administrative hearing.[1] [Administrative Record ("AR") 127, 65.] She has a limited education (tenth grade) and past relevant work experience as a warehouse worker. [AR 148, 153.] Plaintiff alleges disability on the basis of panic and anxiety attacks and depression. [AR 147.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on July 2, 2009, and filed on July 15, 2009. On December 7, 2009, Defendant filed Plaintiff's Administrative Record ("AR"). On February 5, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for supplemental security income ("SSI") on March 8, 2006, alleging disability since January 1, 2005. [JS 2.] After the claim was denied initially and on reconsideration, Plaintiff requested an administrative hearing, which was held on November 10, 2008, before an Administrative Law Judge ("ALJ"). [AR 65.] Plaintiff appeared with counsel, and testimony was taken from Plaintiff, vocational expert Troy Scott, and medical expert David Glassmeyer. [Id.] The ALJ denied benefits on December 23, 2008. [AR 16.] When the Appeals Council denied review on May 6, 2009, the ALJ's decision became the Commissioner's final decision. [AR 1.]

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

---

[1] The Joint Stipulation incorrectly lists Plaintiff's age as thirty-seven. [JS 2.]

2

Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001); <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1147 (9th Cir. 2001); <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1162 (9th Cir.  2001); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999); <u>Reddick v. Chater</u>, 157 F.3d 715, 720 (9th Cir. 1998); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1279 (9th Cir. 1996); <u>Moncada v. Chater</u>, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance."  <u>Reddick</u>, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  <u>Id</u>.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  <u>Id</u>.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner.  <u>Reddick</u>, 157 F.3d at 720-721; <u>see also</u> <u>Osenbrock</u>, 240 F.3d at 1162.

### V.  DISCUSSION

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

> Disability claims are evaluated using a five-step test:
>
> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as amended</u> April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at 1288.  If this burden is met, a <u>prima facie</u> case of disability is made, and the burden shifts to the Commissioner (at step five) to

prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

### B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE

Here, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 8, 2006 (step one); that Plaintiff had "severe" impairments, namely chronic back pain (musculoligamentous) and depressive disorder (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 12.] The ALJ determined that Plaintiff has an RFC for medium work, except with a mental residual functional capacity for simple repetitive tasks, occasional non-intense contact with coworkers and supervisors, no hypervigilence, and no fast-paced work. [AR 13.] Plaintiff was found capable of performing her past relevant work as a warehouse worker (step four). [AR 16.] Accordingly, Plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. PLAINTIFF'S PRESENT CLAIMS

The parties' Joint Stipulation identified the following four disputed issues:

    1. Whether the ALJ properly considered the lay witness

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

|   |   |   |
|---|---|---|
| 1 |  | statement. |
| 2 | 2. | Whether the ALJ properly considered the treating |
| 3 |  | psychiatrist's opinion. |
| 4 | 3. | Whether the ALJ properly considered the treating |
| 5 |  | psychiatrist's opinion. |
| 6 | 4. | Whether the ALJ properly considered the treating clinician's |
| 7 |  | opinion. |

[JS 2.]

**D.   ISSUE ONE: THE LAY WITNESS STATEMENTS**

On March 27, 2006, Plaintiff's cousin, Genevieve Diaz, completed a "Function Report - Adult - Third Party" describing Plaintiff's activities and other functions. [AR 138-145.] Ms. Diaz wrote that she has known Plaintiff her entire life and that she visits Plaintiff once or twice a month. [AR 138.] Ms. Diaz also wrote, among other things, that Plaintiff has a hard time sleeping and staying asleep, that Plaintiff takes care of her three children, that her children remind her to take her medicine, that she cooks and does laundry and cleans about once a week, that she doesn't like being around a lot of people, that she no longer drives herself, that she has panic attacks, and that she has trouble following instructions and handling stress. [AR 138-145.]  The ALJ did not address this form in his decision and Plaintiff contends that this was error.

In determining whether a claimant is disabled, an ALJ must take into account lay witness testimony concerning a claimant's ability to work unless the ALJ expressly determines not to and gives reasons germane to each witness for doing so.  Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1053 (9th Cir. 2006); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). "[W]here the ALJ's error lies in a

failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056; see also Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006). Here, the ALJ's failure to fully address Genevieve Diaz's testimony was harmless error. Ms. Diaz's testimony was substantially similar to that of Plaintiff's.[3] The ALJ rejected Plaintiff's testimony with clear and convincing reasons that were not challenged on appeal. Accordingly, Ms. Diaz's testimony did not add substantial weight to Plaintiff's claim. Cf. Robbins, 466 F.3d at 885 (finding reversible error in failure to consider testimony of claimant's son, noting that "[b]ecause the ALJ did not make a legally sufficient adverse credibility finding with regard to [the claimant's] own testimony, we cannot say with respect to [the son's] testimony that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination")(citations and internal quotation marks omitted). Under these circumstances, the failure to address fully this evidence was inconsequential to the ultimate determination of non-disability. Stout, 454 F.3d at 1055. Accordingly, Issue One does not merit reversal.

//

//

---

[3] Plaintiff wrote in her "Function Report – Adult" that she has trouble falling and staying asleep, that she takes care of her children, that she cooks, that she cleans and does laundry about once a week, that she tries to avoid driving, that she has trouble being around people and finds it difficult to handle stress. [AR 130-137.]

**E.   ISSUES TWO AND THREE: THE OPINIONS OF THE TREATING PSYCHIATRISTS**

On March 6, 2007, Plaintiff's treating psychiatrist at the Riverside County Mental Health Clinic completed a narrative report of Plaintiff's mental functioning from July 26, 2006, to November 29, 2006.  Supporting treatment records from the Riverside County Mental Health Clinic were added to the record directly before the administrative hearing.  The narrative report indicated that Plaintiff had loose thought, evidence of depression, anxiety, and phobias, an inability to maintain sustained levels of concentration, sustain repetitive tasks for an extended period, and adapt to new or stressful situations, and that Plaintiff could not complete a forty-hour workweek without decompensating. [AR 377.]  The ALJ did not address this report in his decision.  Plaintiff contends that this was legal error.

The record indicates that the ALJ adopted the opinion of the medical expert, although the hearing transcript indicates that the records from Riverside County Mental Health Clinic were added to the record directly before the administrative hearing and that the medical expert did not have time to sufficiently review them before testifying. [AR 74-76.] Likewise, the ALJ appears not to have evaluated the treatment records from Riverside County Mental Health Clinic in his decision, in fact stating that the record contained no "psychiatric treatment notes." [AR 13.] Therefore, it is not clear from the record that the AlJ properly considered the records from the Riverside County Mental Health Clinic.  The ALJ's decision makes no mention of either the narrative report or the treatment records, and in fact states that the latter do not even exist.  Accordingly, Issue

8

Two merits reversal for consideration of the records from the Riverside County Mental Health Clinic.

However, Plaintiff's claim in Issue Three that the ALJ failed to properly consider the opinion of Dr. Gurmeet Multani, M.D., does not merit reversal. The record contains only one mention of Dr. Multani, an undated note stating that "patient is under my care and is suffers (sic) from major depressive episode and is on medication. She is not fit to work at this time." [AR 383.] Plaintiff asserts that this is a treating psychiatrist's opinion and the ALJ erred by failing to address this opinion in his decision. However, the ALJ is not required to discuss all of the evidence in the record, but only that which is significant and probative. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984). Dr. Multani's undated note is unsupported by any treatment records and includes no analysis of Plaintiff's functional limitations. Accordingly, Issue Three does not independently warrant reversal.

**F.   ISSUE FOUR: THE TREATING CLINICIAN'S OPINION**

In a letter dated September 8, 2009, Cynthia Lattavo, MFT, wrote that Plaintiff "ha[d] received psychotherapeutic treatment from [her] since May 29, 2007" and that Plaintiff's symptoms were "consistent with panic disorder, obsessive-compulsive disorder, insomnia, and major depression." [AR 379.] She stated that Plaintiff was "resistant to medication intervention" and had "physical symptoms that require[d] medical attention." [Id.] She opined that Plaintiff had "poor mental and cognitive processing," and impaired ability to focus, learn, comprehend, and that Plaintiff had an impaired memory and difficulty with simple task completion. [Id.] In his decision, the ALJ discounted Ms. Lattavo's opinion, stating that her opinion was

inconsistent with other medical evidence in the record and with Plaintiff's own testimony. Plaintiff asserts that the AlJ improperly discounted Ms. Lattavo's opinion.

Under the Social Security Regulations, a marriage and family therapist is not an acceptable medical source. 20 C.F.R. § 416.913(a)(1)-(5)(2009). The ALJ is entitled to give the opinions of Ms. Lattavo less weight than those from acceptable medical sources. <u>Gomez v. Chater</u>, 74 F.3d 967, 970-971 (9th Cir. 1996). In this case, the ALJ rejected Ms. Lattavo's opinions because he found them inconsistent with the medical record as a whole. However, in light of Issue Two, it appears that the ALJ was not able to assess the record as a whole when he evaluated Ms. Lattavo's opinion. Accordingly, Issue Four merits reversal and remand for evaluation of Ms. Lattavo's opinions in light of the complete record.

### G.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. <u>Harman</u>, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. <u>Id</u>. Here, as set about above in Issues Two and Four, outstanding issues remain before a finding of disability can be made. Accordingly,

10

remand is appropriate.

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED**.

2. This action is **REMANDED** to Defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings as discussed above.

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: July 26, 2010

_____
CARLA M. WOEHRLE
United States Magistrate Judge